UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION<br>1200 K Street, N.W.<br>Washington, D.C. 20005<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>AAY LLC d/b/a Chloe's Corner<br>as Plan Administrator of the<br>AAY LLC Defined Benefit Plan<br>15215 N Kierland Blvd<br>Scottsdale, AZ 85254<br><br>　　　　　　Defendant. | Case No. _____ |

# COMPLAINT FOR PENSION PLAN TERMINATION

1.　　　This action arises under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 (2012 & Supp. V 2017) ("ERISA").  Plaintiff, Pension Benefit Guaranty Corporation ("PBGC"), files this Complaint, pursuant to 29 U.S.C. §§ 1342(a)(1) and (2), 1342(c) and 1348(a) seeking an order (i) terminating the AAY LLC Defined Benefit Plan ("Plan"); (ii) appointing PBGC as statutory trustee of the Plan; (iii) establishing July 31, 2016 as the termination date of the Plan; and (iv) directing the Defendant and any other person or entity having possession, custody, or control of any of the records, assets, or other property of the Plan, to transfer, convey, and deliver all such records, assets, and property to PBGC, as the statutory trustee upon request under 29 U.S.C. § 1342(d)(1).

## JURISDICTION AND VENUE

2. This Court has exclusive jurisdiction over this action, without regard to the amount in controversy, under 29 U.S.C. §§ 1303(e)(3), 1342(c), 1342(f).

3. Venue properly lies in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g) because the Defendant was headquartered in Scottsdale, Arizona and the Plan was administered in Scottsdale, Arizona.

## PARTIES

4. Plaintiff, PBGC, is an agency and a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the pension plan termination insurance program created by Title IV of ERISA. When an underfunded pension plan terminates, PBGC ensures the timely and uninterrupted payment of statutorily guaranteed pension benefits to participants and their beneficiaries. 29 U.S.C. §§ 1302(a)(2), 1321(a), 1322.

5. Defendant, AAY LLC d/b/a Chloe's Corner ("Defendant" or "AAY"), is the plan administrator of the Plan within the meaning of 29 U.S.C. §§ 1301(a)(1) and 1002(16)(A). Defendant was a chain of full-service restaurants formed as a limited liability company in Arizona and headquartered in Scottsdale, Arizona.

## THE PENSION PLAN

6. The Plan is a tax-qualified, single-employer, defined benefit plan that is covered by Title IV of ERISA. 29 U.S.C. § 1321(a).

7. AAY is the contributing sponsor of the Plan within the meaning of 29 U.S.C. § 1301(a)(13).

8. The Plan was adopted on November 2, 2010, effective January 1, 2010, to cover all employees of AAY. The Plan was subsequently frozen on May 10, 2012.

9. As of the proposed Date of Plan Termination, the Plan had four participants.

10. Using the assumptions set forth in 29 U.S.C. § 1344 and the regulations thereunder, PBGC estimates that the Plan is underfunded by approximately $193,347 on a termination basis as of July 31, 2016.

**COMPANY BACKGROUND AND CESSATION OF BUSINESS**

11. Upon information and belief, AAY was a chain of full-service restaurants formed as a limited liability company in Arizona and headquartered in Scottsdale, Arizona until it ceased operations on or about July 31, 2016.

12. Upon information and belief, after September 2012, AAY did not make any of the required plan contributions.

**CAUSE OF ACTION**

13. PBGC is authorized by 29 U.S.C. § 1342 to commence proceedings to terminate a plan whenever PBGC determines, inter alia, that, pursuant to 29 U.S.C. § 1342(a)(1), the plan has not met the minimum funding standard required under 26 U.S.C. § 412 or, pursuant to 29 U.S.C. § 1342(a)(2), the plan will be unable to pay benefits when due.

14. PBGC has determined that: 1) pursuant to 29 U.S.C. § 1342(a)(1), the plan has not met the minimum funding standard required under 26 U.S.C. § 412; 2) pursuant to 29 U.S.C. § 1342(a)(2), the plan will be unable to pay benefits when due and, 3) under ERISA § 4042(c), 29 U.S.C. § 1342(c), the Plan must be terminated to protect the interests of the Plan's participants.

15. On September 25, 2019, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination ("Notice") to AAY, as Plan administrator of the Plan, notifying AAY that PBGC determined under section 4042(a)(1), and (2) of the Employee Retirement Income

Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1342(a)(1), and (2) that the Plan has not met the minimum funding standard required under section 412 of the Internal Revenue Code; and will be unable to pay benefits when due. PBGC also determined, under ERISA § 4042(c), 29 U.S.C. § 1342(c), that the Plan must be terminated in order to protect the interests of the Plan's participants. The Notice further stated that PBGC intends to have the Plan terminated, seek appointment as statutory trustee, and establish July 31, 2016, as the date of termination for the Plan. An Agreement for Appointment of Trustee and Termination of Plan ("Trusteeship Agreement") was attached with this Notice. A copy of the Notice and the Termination Agreement are attached hereto as Exhibits 1 and 2.

16. The majority owner of the plan administrator, Ashley Young, has been unresponsive and has not returned to PBGC a signed Trusteeship Agreement.

17. Upon notice to the plan administrator, PBGC can apply to the appropriate United States district court for a decree adjudicating that the plan must be terminated to protect the interests of the participants. ERISA § 4042(b)(iii), (c)(1)(a).

18. PBGC has determined that termination of the Plan is necessary to protect the interests of participants. *See* Exhibit 1.

19. Pursuant to 29 U.S.C. § 1348(a)(4), a district court establishes the date of termination of a pension plan covered by Title IV of ERISA when PBGC and the Plan administrator have not agreed on a date of termination.

20. July 31, 2016 should be established as the date of Plan termination pursuant to 29 U.S.C. § 1348(a)(4), because as of that date, all company operations had ceased, at which point the participants no longer had any justifiable expectation of the Plan's continuation.

21. Pursuant to 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(b)(1) provides that PBGC may request that it be appointed as trustee of a plan in any case.

22. PBGC is ready, willing, and able to serve as statutory trustee of the Plan. PBGC has initiated the steps necessary to administer the Plan and to pay current retirees their benefits under the Plan in accordance with the provisions of Title IV of ERISA.

### RELIEF REQUESTED

WHEREFORE, PBGC respectfully requests that the Court grant judgment to PBGC and issue an Order granting the following relief:

1. Adjudicate that the Plan is terminated pursuant to 29 U.S.C. § 1342(c);

2. Appoint PBGC statutory trustee of the Plan pursuant to 29 U.S.C. § 1342(c);

3. Establish July 31, 2016 as the termination date of the Plan pursuant to 29 U.S.C. § 1348(a)(4);

4. Direct AAY and any other person or entity having possession, custody, or control of any records, assets, documents, or other property of the Plan, to transfer, convey, and deliver all such records, assets, and property to PBGC pursuant to 29 U.S.C. § 1342(d)(1); and

5. Grant any and all other relief that this Court deems just and proper.

Dated: April 2, 2020
Washington, D.C.

/s/ William H.T. Rice
PAUL CHALMERS
Acting General Counsel
KARTAR KHALSA
Deputy General Counsel
STEPHANIE THOMAS
Assistant General Counsel
WILLIAM H.T. RICE
Attorney

Office of the General Counsel
PENSION BENEFIT GUARANTY
CORPORATION
1200 K Street, N.W.
Washington, D.C. 20005-4026
(202) 229-4306
Email: rice.william@pbgc.gov